No. 69278.—The Garcia Corp. v. United States, protest 59/33275 (New York).

FORD, Judge: This action is directed against the classification of certain Platyl nylon monofilament fishing line, which was entered for consumption after

the amendment of paragraph 1313 of the Tariff Act of 1930 by Public Law 85–645, 72 Stat. 602 (19 U.S.C. § 1001, par. 1313), T.D. 54676. The imported merchandise was assessed at 27½ per centum ad valorem under the provisions of paragraph 1211 of the Tariff Act of 1930, as modified by the Sixth Protocol of Supplementary Concessions to the General Agreement on Tariffs and Trade, 91 Treas. Dec. 150, T.D. 54108, by virtue of the similitude provisions contained in paragraph 1559 of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1954, T.D. 53599 (19 U.S.C. § 1001, par. 1559).

Plaintiff, by its protest, claims the imported Platyl nylon monofilament fishing line to be subject to duty at 10 per centum ad valorem as an article manufactured, in whole or in part, not specially provided for, under the provisions of paragraph 1558 of the Tariff Act of 1930, as modified by the Torquay Protocol to the General Agreement on Tariffs and Trade, 86 Treas. Dec. 121, T.D. 52739.

The provisions of paragraph 1313 of said act, as amended, *supra*, read as follows:

PAR. 1313. (a) As used in this title, the term "rayon or other synthetic textile", means any fiber, filament, or fibrous structure, and any band or strip (suitable for the manufacture of textiles) not over one inch in width, all the foregoing whether formed by extrusion or by other processes from substances derived by man from cellulosic or noncellulosic materials by chemical processes, such as, but not limited to, polymerization and condensation, but the term does not include fibers, filaments, fibrous structures, or bands and strips of glass or other nonmetallic mineral, or of metal, paper, or natural rubber.

(b) Notwithstanding the provisions of subsection (a) of this section, nothing in this section shall change the existing customs classification of nylon monofilament fishing line, nylon surgical sutures, nylon tennis racket strings or nylon brush bristles.

In view of section (a) of paragraph 1313, as amended, *supra*, it is apparent that the imported Platyl monofilament fishing line would be subject to classification under schedule 13 of said act if it were not for section (b) of said paragraph, as amended, *supra*. Since section (b) excepts, among other things, nylon monofilament fishing line, classification under schedule 13 would be improper. Accordingly, the collector, in following said section (b), classified the imported merchandise under the existing customs classification which was created by *J. M. P. R. Trading Corp., Alltransport, Inc.* v. *United States*, 43 CCPA 1, C.A.D. 600, and *J. M. P. R. Trading Corp., Alltransport, Inc.* v. *United States*, 33 Cust. Ct. 226, C.D. 1658, and the bureau ruling found in 92 Treas. Dec. 30, T.D. 54298.

The legislative history of public Law 85–645 is to be found in Senate Report 2092, which accompanied the bill. Said report, as set forth in the United States Code Congressional and Administrative News, volume 2, 85th Congress, second session, 1958, indicates that the Finance Committee added as an amendment, language which "would clarify and establish as law the present Bureau of Customs classifications of 'rayon and other synthetic textile.' Articles of noncellulose manmade fiber unknown when the 1930 law was written, will be given specific classifications without any changes in tariff rates." This report then goes on and further states as follows:

In 1951 the United States Customs Court (27 Cust. Ct. 176), ruled that Congress had intended for the synthetic-textile schedule of the Tariff Act to embrace all synthetics and not merely those derived from cellulose. Since that time the Bureau of Customs has so classified imports.

Recently the development of such heavy fibers as fishing line and tennis racket strings have been held by the courts not to be classiable as synthetic fibers and now some uncertainty arises as to future classification of the various types of filaments and fibers which are being or may be developed. The amendment has been so framed that existing tariff rates will not be altered nor interfered with in the establishment of the new classification. It merely ratifies existing customs

practices and prevents the great complexities which could otherwise arise in the future.

In view of the specific exception to nylon monofilament fishing line and following the existing customs practice in classifying such merchandise, which practice was established by the cases cited, *supra*, and the bureau ruling, *supra*, in effect at the time of the enactment of Public Law 85–645, *supra*, we find the classification by the collector of customs under paragraph 1211, *supra*, by virtue of the similitude provisions contained in paragraph 1559, *supra*, to be correct.

We, therefore, overrule the protest and judgment will be entered accordingly.